UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| ALAN WILLIS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIG LOTS, INC., et al.,<br><br>Defendants. | No. 2:12-cv-00604-MHW-NMK<br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL**

## I. PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of purchasers of Big Lots, Inc. ("Big Lots" or the "Company") securities between February 2, 2012 and April 23, 2012, inclusive (the "Class Period"), which alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act ("PSLRA") (15 U.S.C. § 78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5).

Proposed lead plaintiff City of Pontiac General Employees' Retirement System ("Pontiac General") hereby moves this Court for an Order: (i) appointing Pontiac General as Lead Plaintiff pursuant to the requirements of the PSLRA; and (ii) approving its selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") to serve as Lead Counsel and Murray Murphy Moul + Basil LLP ("Murray Murphy") to serve as Liaison Counsel.

Pontiac General is the most adequate plaintiff as defined by the PSLRA because it suffered losses of approximately $132,405 in connection with its purchases of Big Lots securities during the Class Period. *See* Murray Decl. Ex. B.[1] In addition, Pontiac General, for the purposes of this motion, adequately satisfies the requirements of Federal Rules of Civil Procedure 23 in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

Accordingly, the Court should grant Pontiac General's motion.

---

[1] References to the "Murray Decl., Ex. ___ " are to the exhibits attached to the accompanying Declaration of Joseph F. Murray in Support of Motion of City of Pontiac General Employees' Retirement System for Appointment as Lead Plaintiff and Approval of Selection of Counsel, dated September 7, 2012 and submitted herewith.

## II. FACTUAL BACKGROUND

Big Lots, through its wholly owned subsidiaries, operates as a broadline closeout retailer in the United States and Canada. The Company stocks products that have been overproduced, discounted or rejected by other retailers. The complaint alleges that, during the Class Period, defendants issued materially false and misleading statements regarding the Company's business and financial results. As a result of defendants' false statements, Big Lots stock traded at artificially inflated prices during the Class Period, reaching a high of $46.81 per share on March 27, 2012.

On April 23, 2012, after the market closed, Big Lots issued a press release announcing updates to its first quarter 2012 retail sales guidance. The Company forecast a decline in first-quarter same-store sales, slightly negative in comparison to its prior guidance, which estimated a comparable stores sales increase of 2% to 4%. In particular, the Company's consumables business declined significantly. On this news, Big Lots stock collapsed $11 per share to close at $34.71 per share on April 24, 2012, a one-day decline of 24% on volume of 13.2 million shares.

According to the complaint, the true facts, which were known by defendants but concealed from the investing public during the Class Period, were as follows: (a) Big Lots' consumables line (consisting of household, beauty and health items), which represented a third of Big Lots' business, was deteriorating; and (b) the Company's electronic products business was being adversely affected as shoppers were increasingly looking at online deals for these big ticket products, which adversely affected the Company's margins and prospects.

# III. ARGUMENT

## A. Pontiac General Should Be Appointed Lead Plaintiff

### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §§78u-4(a)(3)(A)(i). Notice regarding the pendency of this action was published on *Business Wire*, a national, business-oriented newswire service, on July 9, 2012. *See* Murray Decl. Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

### 2. Pontiac General Satisfies the "Lead Plaintiff" Requirements of the PSLRA

#### a. Pontiac General Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed Lead Plaintiff herein under the PSLRA, 15 U.S.C. §78u-4(a)(3)(A) & (B), expires on September 7, 2012. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on July 9, 2012), Pontiac General timely moves this Court to be appointed Lead Plaintiff on behalf of all members of the classes and subclasses.

A representative of Pontiac General has signed and filed a certification stating that it is willing to serve as the representative party on behalf of the class. *See* Murray Decl. Ex. C. In addition, Pontiac General has selected and retained competent counsel to represent it and the class. *See* Murray Decl. Ex. D, E. Accordingly, Pontiac General has satisfied the individual requirements of the PSLRA and is entitled to have its application for appointment as Lead Plaintiff and selection of Lead Counsel and Liaison Counsel considered and approved by the Court.

#### b. Pontiac General has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Murray Decl. Ex. C, Pontiac General purchased Big Lots securities in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, Pontiac General incurred a loss of approximately $132,405 on its transactions in Big Lots securities. Murray Decl. Ex. B. Pontiac General thus has a significant financial interest in this case.

Therefore, as the movant with the largest known financial interest in this Action, Pontiac General should be appointed Lead Plaintiff pursuant to the PSLRA. 15 U.S.C. §78u-4(a)(3)(B).

**c. Pontiac General Otherwise Satisfies Rule 23**

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *20 (N.D. Ill. Aug. 6, 1997); *Ohio Public Employees Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005). Pontiac General satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). "The typicality requirement of Fed. R. Civ. P. 23(a)(3) is fulfilled if the prospective lead plaintiff's claims arise out of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class." *Fannie Mae*, 357 F. Supp. 2d at 1034. Minor factual differences between the claims do not defeat typicality. *See*

*In re Unumprovident Corp. Secs. Litig.*, 2003 U.S. Dist. LEXIS 24633, at *25 (E.D. Tenn. Nov. 6, 2003) ("Any factual distinctions which may exist are clearly outweighed by the issues of law and fact predominating the claims of all class members.").

Pontiac General satisfies this requirement because, just like all other class members, it: (1) purchased Big Lots securities during the Class Period; (2) purchased Big Lots securities in reliance upon the allegedly materially false and misleading statements issued by defendants; and (3) suffered damages thereby. Thus, Pontiac General's claims are typical of those of other class members since its claims and the claims of other class members arise out of the same course of events and are based on similar legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "A plaintiff can show that it fairly and adequately represents the interests of the class, pursuant to Rule 23(a)(4), if it appears that (1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *Fannie Mae*, 357 F. Supp. 2d at 1034.

Here, Pontiac General is an adequate representative of the class. As evidenced by the injuries suffered by Pontiac General relating to the purchase of Big Lots securities at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Pontiac General are clearly aligned with the members of the class, and there is no evidence of any antagonism between Pontiac General's interests and those of the other members of the class. Further, Pontiac General has taken significant steps which demonstrate that it will protect the interests of the class: it has retained competent and experienced counsel to prosecute these claims. As shown below, Pontiac General's proposed Lead Counsel and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Pontiac General *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

Moreover, Pontiac General, an institutional investor, is precisely the type of investor whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733).

**B. The Court Should Approve Pontiac General's Choice of Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. 15 U.S.C. §78u-4(a)(3)(B)(v). In that regard, Pontiac General has selected Robbins Geller as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Sec. Litig.*, 2005 U.S. Dist. LEXIS 39867 (S.D. Tex. Dec. 22, 2005), in which Robbins Geller obtained recoveries to date which represent the largest recovery ever obtained in a shareholder class action. *See* Murray Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 2006 U.S. Dist. LEXIS 43146, at *77 (S.D. Tex. June 5, 2006); *see also In re Cardinal Health, Inc. Sec. Litig.*, 226 F.R.D. 298 (S.D. Ohio 2005) (appointing Robbins Geller predecessor firm as lead counsel). Pontiac General has also selected

Murray Murphy, a well-regarded firm in Columbus, Ohio, to serve as Liaison Counsel. *See* Murray Decl., Ex. E.

Accordingly, the Court should approve Pontiac General's selection of Lead Counsel and Liaison Counsel.

## IV. CONCLUSION

For all the foregoing reasons, Pontiac General respectfully requests that the Court: (i) appoint Pontiac General as Lead Plaintiff; (ii) approve its selection of Lead Counsel and Liaison Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED: September 7, 2012

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY

*s/ Joseph F. Murray*

JOSEPH F. MURRAY (0063373)
MURRAY MURPHY MOUL + BASIL LLP
BRIAN K. MURPHY (0070654)
1533 Lake Shore Drive
Columbus, OH 43204
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murray@mmmb.com
E-mail: murphy@mmmb.com

[Proposed] Liaison Counsel

ROBBINS GELLER
RUDMAN & DOWD LLP
PAUL J. GELLER
DOUGLAS WILENS
120 E. Palmetto Park Road, Suite 500
Boca Raton, FL 33432-4809
Telephone: 561/750-3000
561/750-3364 (fax)
E-mail: pgeller@rgrdlaw.com
E-mail: dwilens@rgrdlaw.com

ROBBINS GELLER
RUDMAN & DOWD LLP
DAVID W. MITCHELL
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: dmitchell@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

SULLIVAN, WARD, ASHER & PATTON, P.C.
CYNTHIA J. BILLINGS
1000 Maccabees Center
25800 Northwestern Highway
Southfield, MI 48075-1000
Telephone: 248/746-0700
248/746-2760 (fax)

Additional Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 7, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

*s/ Joseph F. Murray*
JOSEPH F. MURRAY