```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

**ALAN WILLIS,**

      **Plaintiff,**

  vs.                                   **Civil Action 2:12-cv-604**
                                              **Judge Watson**
                                              **Magistrate Judge King**

**BIG LOTS, INC.,** *et al.***,**

      **Defendants.**

## ORDER

    Defendants have renewed their motion for leave to file certain documents under seal. *Renewed Motion to File under Seal Certain Materials in Support of Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification and to Appoint Class Representatives and Class Counsel,* ECF No. 71. Defendants specifically ask for leave to file Exhibits L, M, and N to the *Declaration of David A. Herman* under seal, as well as their memorandum in opposition to plaintiffs' motion; defendants ask that they be permitted to file Exhibits D, E, F, and G to the *Herman Declaration* publically. *Id*. Plaintiffs agree that Exhibits L, M, and N and the memorandum in opposition should be filed under seal; they argue, however, that Exhibits D, E, F, and G should also be filed under seal. *Plaintiffs' Response to Defendants' Renewed Motion to File Documents under Seal*, ECF No. 72.

    Although litigants may maintain discovery materials in confidence, the actual filing of documents – which implicates the

1

interests of the public in unencumbered access to court proceedings – should not routinely be made under seal. *Proctor & Gamble Co. v. Bankers Trust Co.,* 78 F.3d 219, 227 (6th Cir. 1996); *Brown & Williamson Tobacco Corp. v. FTC,* 710 F.2d 1165, 1177 (6th Cir. 1983). Moreover, the local rules of this Court prohibit the filing of documents under seal without leave of Court. S.D. Ohio Civ. R. 5.2.1(a).

Apparently, plaintiffs or other entities denominated Exhibits D, E, F, G, L, M, and N as confidential during the course of discovery in this action. The parties agree that Exhibits L, M, and N to the *Declaration of David A. Herman* should be filed under seal. Exhibits L and M relate to Herndon Capital Management, LLC (hereinafter "Herndon"), an institutional investment management firm specializing in equity strategies. Kenneth R. Holley, a Principal and the Chief Investment Officer of Herndon, avers that Exhibits L and M "disclose Herndon's confidential and proprietary information relating to its detailed investment strategies," which are maintained in confidence and not disclosed to the general public. *Affidavit of Herndon Capital Management, LLC,* ECF No. 71-2, ¶ 6. Exhibit N is the transcript of the Rule 30(b)(6) deposition of OakBrook Investments, LLC, another third-party to the action and which denominated that document as confidential. Janna L. Sampson, Managing Member and Co-Chief Investment Officer of OakBrook, avers that her deposition discloses "OakBrook's investment strategy and methodologies" as well as "proprietary models reveal[ing] confidential trade secrets about OakBrook's core business." *Declaration in Support of Confidential Designations in Deposition Transcript of Janna L. Sampson*, ECF No. 71-3 ¶¶ 4, 6.

The Court concludes that defendants have adequately established that Exhibits L, M, and N should be filed under seal.

The parties disagree as to the confidential nature of Exhibits E and F, which are described as agreements between plaintiffs' counsel, Robbins Geller Rudman & Dowd LLP ("Robbins Geller"),and the proposed class representatives for "portfolio monitoring" in connection with potential securities fraud claims. The parties also disagree as to the confidential nature of Exhibits D and G, which are described as portions of the transcripts of the Rule 30(b)(6) depositions of the proposed class representatives, in which the monitoring agreements are quoted or discussed. David W. Mitchell, a member of Robbins Geller, avers that these monitoring agreements

> describe Robbins Geller's proprietary processes and procedures to protect client assets . . . [and that] the disclosure of the [agreements] would harm its competitive standing, as competitor firms without such processes and procedures and/or different processes and procedures could replicate information contained in the [agreements] for their own use.

*Declaration of David W. Mitchell*, ECF No. 71-4, ¶ 5. Defendants disagree that these monitoring agreements are truly confidential, particularly in light of the public discussion of these agreements by other courts. *See City of Pontiac Gen. Employees' Ret. Sys. v. Lockheed Martin Corp*., 844 F. Supp. 2d 498, 500 (S.D.N.Y. 2012); *Iron Workers Local No. 25 Pension Fund v. Credit-Based Asset Servicing and Securitization, LLC*, 616 F.Supp.2d 461 (S.D.N.Y. 2009).

This Court accepts Robbins Geller's declaration that its monitoring agreements contain proprietary information ordinarily subject to protection. Although these, or similar, monitoring agreements developed and utilized by Robbins Geller have been the subject of consideration by other courts and, although other courts have quoted isolated words or phrases in the agreements, *see, e.g.,*

3

*City of Pontiac Gen. Employees' Ret. Sys.,* 844 F. Supp. 2d at 500, it does not appear to the Court that that discussion has been so public and on such a scale as to divest those documents of their confidential character. The Court therefore concludes that Exhibits D, E, F, and G are also appropriately filed under seal.

    Defendants also ask that their memorandum in opposition to plaintiffs' motion be filed under seal. Plaintiffs do not oppose that request. Because that filing can be expected to make reference to the confidential information contained in these exhibits, the Court agrees that the memorandum should also be filed under seal. However, defendants must file a redacted version of their memorandum on the public record within five (5) days of the date of this *Order*.

    **It is so ordered.**

July 29, 2016                              *s/Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge