UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALAN WILLIS, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiff,<br><br>v.<br><br>BIG LOTS, Inc., et al.,<br><br>            Defendants. | Case No. 2:12-cv-00604-MHW-KAJ<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Kimberly A. Jolson |

### DEFENDANTS' EXPEDITED MOTION TO STAY PENDING RULE 23(f) APPEAL

Now come defendants, who respectfully move this Court for an order staying further proceedings in this matter pending resolution of defendants' interlocutory appeal of class certification to the Sixth Circuit pursuant to Fed. R. Civ. P. 23(f). This motion is supported by the attached memorandum. Defendants respectfully request expedited treatment of this motion.

**VORYS, SATER, SEYMOUR AND PEASE LLP**

/s/ William D. Kloss, Jr.
Trial Attorney
William D. Kloss, Jr. (0040854)
John J. Kulewicz (0008376)
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
Phone: (614) 464-6360
Fax: (614) 719-4807
wdklossjr@vorys.com
jjkulewicz@vorys.com

**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin (admitted *pro hac vice*)
Timothy G. Cameron (admitted *pro hac vice*)
Worldwide Plaza, 825 Eighth Avenue
New York, NY 10019
Phone: (212) 474-1000
Fax: (212) 474-3700
mpaskin@cravath.com
tcameron@cravath.com

*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT**

On August 23, 2017, the Sixth Circuit granted defendants' Rule 23(f) petition for interlocutory review of this Court's class certification order. (Dkt. 113.) Defendants' appeal raises questions of first impression in the Sixth Circuit under the Supreme Court's recent opinions in *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014) ("*Halliburton II*") and *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013)—questions that have been granted interlocutory review in the Second, Fifth and Eighth Circuits, and are at issue in a pending 23(f) petition before the Ninth Circuit. Those questions, if resolved in defendants' favor, would require decertification of the class in this action. In addition, because of the well-recognized overlap between these class certification questions and issues concerning the merits of this action, the appeal could significantly alter this litigation going forward and may require summary judgment in defendants' favor, ending this case.

Until the Sixth Circuit decides whether certification of a class is proper, this Court should stay all further proceedings. If this case continues as scheduled—through expert reports, expert depositions, summary judgment and possible trial preparation—and the Sixth Circuit later reverses this Court's class certification decision, the parties' and the Court's efforts will have been wasted. Moreover, a remand from the Sixth Circuit on the *Halliburton II* or *Comcast* issues—which center on the opinions of the parties' experts—may result in new expert analysis (and potentially *Daubert* motions) and a significantly changed landscape for summary judgment, requiring additional briefing. In contrast, plaintiffs suffer no prejudice from a stay pending appeal, as fact discovery is closed and all relevant evidence has been preserved.

In recognition of these concerns, district courts in similar cases regularly stay all proceedings pending the outcome of a Rule 23(f) appeal, despite having carefully considered the class certification issues themselves. *See, e.g.*, Memo Endorsement, *In re Goldman Sachs*

*Group, Inc. Sec. Litig.*, No. 1:10-cv-03461-PAC (S.D.N.Y. Feb. 1, 2016), ECF No. 177; *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. CIV. 11-429 DWF/FLN, 2014 WL 4540228, at *1 (D. Minn. Sept. 11, 2014); *Whitlock v. FSL Mgmt., LLC*, No. 3:10CV-00562-JHM, 2012 WL 6675124, at *4 (W.D. Ky. Dec. 21, 2012); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012); *Powell v. Tosh*, No. 5:09-CV-121, 2012 WL 1202289, at *6 (W.D. Ky. Apr. 10, 2012); Order, *N.J. Carpenters Health Fund v. RALI Series 2006-QOI Trust*, No. 08-cv-8781 (HB) (S.D.N.Y May 31, 2011), ECF No. 137; *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002).

This Court similarly should stay all proceedings here because all four of the traditional factors used to assess this motion weigh in favor of a stay pending appeal.

*First*, this is not a motion for reconsideration—to establish a "likelihood of success," defendants need not persuade this Court that its own class certification decision was wrong. Rather, courts in these circumstances have recognized that defendants establish enough of a "likelihood of success" where, as here, the appeal raises substantial legal questions of first impression. That standard is met here because (a) the issues raised are questions of first impression; (b) the Eighth Circuit already has ruled in defendants' favor on one of the central questions; and (c) the Sixth Circuit's grant of leave to appeal itself is a recognition that the issues are sufficiently serious and unsettled to warrant immediate review. Accordingly, defendants have established more than a "mere possibility" of success. *See infra* Part I.

*Second*, absent a stay, defendants will suffer irreparable harm because, should they prevail on appeal, the immense costs associated with expert discovery, summary judgment and possible trial preparation could not be recouped. *See infra* Part II.

*Third*, the balance of harms favors a stay because plaintiffs will suffer no cognizable harm.  Fact discovery is complete, and all evidence has been preserved.[1]  But, absent a stay, all parties will suffer harm and waste of resources if expert discovery and summary judgment proceed and then have to be re-done or altered in light of the Sixth Circuit's decision.  *See infra* Part III.

*Fourth*, the public interest favors a stay because a stay will avoid the potentially unnecessary and wasteful expenditure of judicial resources.  *See infra* Part IV.

Accordingly, this Court should stay all proceedings in this case pending the Sixth Circuit's interlocutory review.

## BACKGROUND

On March 17, 2017, this Court issued an Order granting Lead Plaintiff's Motion for Class Certification and to Appoint Class Representatives and Class Counsel.  (Dkt. 88-1.)  The Court certified a class of purchasers who bought Big Lots stock between March 2, 2012 and August 23, 2012, appointed City of Pontiac and Local 237 as Class Representatives, and appointed Robbins Geller Rudman & Dowd LLP as Class Counsel.

On March 31, 2017, defendants timely petitioned the Sixth Circuit for permission to appeal from the Court's Order pursuant to Federal Rule of Civil Procedure 23(f).  The same day, defendants requested that this Court stay dissemination of notice to potential class members pending resolution of the Rule 23(f) petition.  (Dkt. 89.)  Defendants did not seek a stay of all proceedings at that time, but noted that, "In the event the Sixth Circuit grants defendants' 23(f) petition, the appeal on the merits could impact the broader case schedule."  (*Id.* at 6 n.4.)

---

[1] Due to unforeseen circumstances, the deposition of David Campisi, which was scheduled for August 9, 2017, had to be postponed.  In order to avoid any lingering fact discovery obligations, defendants would agree to proceed with that deposition on a mutually agreeable date, despite a stay of all other proceedings.

3

On May 4, 2017, the Court (Jolson, M.J.) issued a Report and Recommendation directing the parties to prepare class notice for publication and mailing, but staying dissemination of the notice until the Sixth Circuit resolved the petition for permissive leave to appeal. (Dkt. 93.) The Court contemplated that, if the Sixth Circuit granted defendants Rule 23(f) petition, "the Court may then consider a renewed Motion to Stay." (*Id*. at 7.) On June 8, 2017, the Court (Watson, J.) adopted the Report and Recommendation, staying dissemination of class notice and similarly directing that in the event "Defendants' petition for permission to appeal is granted, they may renew their motion to stay."[2] (Dkt. 106 at 2.)

On August 23, 2017, the Sixth Circuit granted defendants' petition. (Dkt. 113.) On August 24, defendants asked plaintiffs whether, in light of the Sixth Circuit decision, they would agree to join in a request to stay proceedings in this Court. On August 25, plaintiffs declined to agree to a stay, but stipulated their consent to a continued stay of the dissemination of class notice pending resolution of defendants' appeal.

**ARGUMENT**

This Court has "broad discretion under the rules of civil procedure to manage the discovery process and control [its] docket[]." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th Cir. 2014); *see also Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D. Ohio 2012). That discretion includes the power to stay proceedings during the pendency of an interlocutory appeal in order to promote the efficient use of judicial and party resources. *See* Fed. R. App. P. 8(a)(1).

---

[2] The relief fashioned by the Court in its May 4, 2017 Report and Recommendation was modeled off of the Court's holding in *Jenkins v. Hyundai Motor Fin. Co.*, No. C2-04-720, 2008 WL 2268319 (S.D. Ohio June 2, 2008). In that case, defendants' Rule 23(f) petition to the circuit court was still pending. Accordingly, the Court stayed dissemination of class notice but declined to stay proceedings more generally, highlighting that "[i]f the Court of Appeals grants the application for appeal, the Court will consider a renewed Motion to Stay." *Id*. at *1. Shortly thereafter, the Sixth Circuit denied defendants' petition, thereby mooting the need for a broader stay pending appeal. No. 2:04-cv-00720 (S.D. Ohio June 10, 2008), ECF No. 120.

As this Court explained in its prior Order staying dissemination of class notice, "[m]otions to stay proceedings pending permissive appeal to the Sixth Circuit are analyzed under a balancing test using the following four factors: (1) whether the defendants are likely to succeed on the merits; (2) whether the defendants will be harmed irreparably without a stay; (3) whether the issuance of a stay will cause substantial harm to other parties; and (4) whether the public interest would be served by the issuance of the stay." Dkt. 93 at 2; *see also Jenkins*, 2008 WL 2268319, at *1. The Sixth Circuit has explained that these factors "are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). Defendants meet this standard.

I.      **Defendants Have a "Likelihood of Success" on Their Appeal**

"Likelihood of success" is a legal term of art. Where the balance of hardships weighs in the movant's favor, "likelihood of success" is established by showing "serious questions going to the merits" of the appeal. *Griepentrog*, 945 F.2d at 153-54 (explaining that a movant must demonstrate "more than the mere 'possibility' of success on the merits" but need not always establish a "high probability"). As evidenced by the frequency with which district courts grant stays pending Rule 23(f) appeals, this Court does not need to decide that its class certification decision was wrong in order to find that defendants have established a sufficient "likelihood" of success. Rather, courts have held that defendants sufficiently established a "likelihood of success" where the appeal involved "unsettled and important questions of law," particularly in the application of recent Supreme Court precedent. *See Best Buy*, 2014 WL 4540228, at *2 (finding the defendants established a likelihood of success where the appeal raised an issue of first impression for the Eighth Circuit on the application of *Halliburton II* and where the certification decision "involved evolving and novel issues of law"); *Gray v. Golden*

5

*Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433, at *1 (N.D. Cal. Dec. 29, 2011) (likelihood of success factor favored a stay where the appeal involved the application of a recent Supreme Court decision and the court acknowledged "that the appellate court could reverse [its] rulings on novel issues raised by the motion for class certification"); *In re Lorazepam*, 208 F.R.D. at 5-6 (granting a stay pending 23(f) appeal where the legal issue was "one of first impression, and reasonable minds could differ on its proper resolution").

Defendants' appeal raises questions of first impression in the Sixth Circuit in a rapidly evolving area of law. Over the last six years, the Supreme Court has issued no fewer than three opinions concerning the issues raised here. *See Halliburton II*, 134 S. Ct. 2398 (2014); *Comcast*, 569 U.S. 27 (2013); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011) ("*Halliburton I*"). And the Second Circuit is currently considering similar issues in two Rule 23(f) appeals. *See* Order Granting Leave to Appeal, *Strougo v. Barclays PLC*, No. 16-450 (2d Cir. June 15, 2016), ECF No. 55; Order Granting Leave to Appeal, *In re Goldman Sachs Group, Inc.*, No. 15-3179 (2d Cir. Jan. 26, 2016), ECF No. 80. Indeed, as this Court has correctly observed, this Court's decision explicitly declined to follow the decision of the Eighth Circuit, which accepted defendants' position on the issue of price impact. *See* Class Certification Order at 37-38 (Dkt. 88-1) (declining to follow *IBEW Local 98 Pension Fund v. Best Buy Co.*, 818 F3d 775, 782 (8th Cir. 2016)).

The sum total of these issues is more than sufficient to establish a likelihood of success under the relevant standard. Defendants cannot be said to have only a "mere possibility" of success now that (a) the Eighth Circuit has agreed with defendants' position on an issue that, if decided in defendants' favor here, would mandate reversal; (b) three circuit courts have granted Rule 23(f) petitions in other cases raising the same unresolved legal issues; and (c) the

6

Sixth Circuit itself now has judged that defendants' appeal raises issues of sufficient novelty and importance to warrant interlocutory review. *See Best Buy*, 2014 WL 4540228, at *2 (finding likelihood of success and granting stay, despite having "carefully considered the issue of class certification", where the 23(f) appeal "raises legal issues regarding *Halliburton II* that have not yet been addressed by the Eighth Circuit").

The Sixth Circuit has held that Rule 23(f) appeals are "never to be routine" and are not "permitt[ed] . . . in ordinary cases." *In re Delta Air Lines*, 310 F.3d 953, 959 (6th Cir. 2002). Indeed, historically the vast majority of Rule 23(f) petitions in the Sixth Circuit are denied.[3] Accordingly, the grant of permission itself reflects the Sixth Circuit's judgment that this appeal raises "unsettled" questions. *Id.* at 960. More importantly, in Rule 23(f) appeals where class certification had been granted by the district court, the Sixth Circuit reversed the certification decision or the case was dismissed 83% of the time.[4] Based on these statistics alone, defendants establish a likelihood of success on the merits of their appeal.

Defendants' appeal also raises "serious questions going to the merits" of the class certification decision. *Griepentrog*, 945 F.2d at 154.[5] Respectfully, defendants are likely to succeed on their *Halliburton II* arguments—Federal Rule of Evidence 301 applies to the fraud on the market presumption, and defendants have satisfied their burden of producing evidence that

---

[3] Between October 31, 2006 and December 31, 2013, the Sixth Circuit granted only 21.4% of Rule 23(f) petitions filed by defendants. *See* John H. Beisner, Jessica D. Miller & Geoffrey M. Wyatt, *Study Reveals US Courts of Appeal Are Less Receptive to Reviewing Class Certification Rulings* (Apr. 29, 2014), *available at* https://www.skadden.com/insights/ publications/2014/04/study-reveals-us-courts-of-appeal-are-less-recepti; *see also id*. at Appendix A and B *available at* https://files.skadden.com/newsletters%2FOUTCOMES_TABLE.pdf.

[4] *Id.*

[5] As the Court acknowledged in its May 4, 2017 Report, the "Sixth Circuit has yet to consider" the price maintenance theory of price impact under *Halliburton II*, and "it is not a well-settled principle of law." (Dkt. 93 at 5.)

7

severs the link between the alleged misstatements and the price paid for Big Lots stock. Several other circuit courts have granted Rule 23(f) petitions in cases raising virtually identical issues,[6] and the Sixth Circuit is likely to follow the reasoning of its sister circuit in *Best Buy*, which held that plaintiffs' speculative price maintenance theory "provided no evidence that refuted defendants' overwhelming evidence of no price impact." 818 F.3d at 783 (emphasis added). Defendants are also likely to succeed on their argument under *Comcast*, as plaintiffs have failed to proffer a damages methodology tied to their actionable theory of fraud. Finally, defendants are likely to succeed in defeating the typicality of the class representatives because their investments were based on exploiting inefficiencies in the market's processing of information into stock prices, rendering them atypical of alleged classwide claims based on the fraud on the market theory of reliance.

## II. Defendants Will Be Irreparably Harmed Absent a Stay

Allowing proceedings to continue in this Court while an appeal is pending before the Sixth Circuit will harm all parties and waste judicial resources. All parties will be required to incur significant costs in continuing to litigate the case—including submitting expert reports and rebuttal reports, deposing the other party's experts, briefing potential *Daubert* motions, briefing motions for summary judgment, and potentially arguing motions in limine and preparing for classwide trial. This sizeable expenditure of unrecoverable costs may be rendered completely moot by the Sixth Circuit's decision on appeal. "[M]any courts have found the costs of pretrial litigation, incurred unnecessarily, would constitute irreparable harm." *Pena v. Taylor Farms*

---

[6] *See* Order Granting Leave to Appeal, *Strougo v. Barclays PLC*, No. 16-450 (2d Cir. June 15, 2016); Order Granting Leave to Appeal, *In re Goldman Sachs Group, Inc.*, No. 15-3179 (2d Cir. Jan. 26, 2016); Order Granting Leave to Appeal, *Erica P. John Fund, Inc. v. Halliburton Co.*, No. 15-90038 (5th Cir. Nov. 4, 2015); Order Granting Leave to Appeal, *IBEW Local 98 Pension Fund v. Best Buy Co., Inc.*, No. 14-8020 (8th Cir. Sept. 24, 2014).

*Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *5 (E.D. Cal. Aug. 31, 2015) (citing cases); *see also Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014) ("[M]onetary losses that are not recoverable can constitute irreparable harm."); *Philip Morris USA Inc. v. Scott*, 131 S. Ct. 1, 4 (2010) (Scalia, J., in chambers) (observing that "payment of money" can constitute irreparable harm when "expenditures cannot be recouped").  The balance of hardships weighs heavily in favor of a stay where "proceeding with this case during the pendency of the appeal will waste both parties' time and money if the [circuit court] later decertifies or changes the class." *Nieberding*, 2014 WL 5817323, at *3-4; *see also Brown*, 2012 WL 5818300, at *4-5 (granting stay where parties would have had to "incur potentially substantial fees and engage in discovery that may ultimately be unnecessary").

This consideration is even stronger where, as here, the substantive issues before the Sixth Circuit will have a potentially determinative impact on this action.  Defendants' appeal challenges whether plaintiffs are entitled to the fraud on the market presumption of reliance, which is necessary both to the certification of the class and to plaintiffs' individual claims.  As this Court stated in its class certification order, the individual plaintiffs "both contend they relied on the misrepresentations and omissions through the fraud-on-the-market theory and suffered damages when Big Lots' stock price eventually reflected the truth."  (Dkt. 88-1 at 11.)  Consequently, if the Sixth Circuit agrees with defendants on the issue of price impact, not only will the class have to be decertified, but defendants also will be entitled to summary judgment on plaintiffs' individual claims because plaintiffs would be unable to invoke the presumption of reliance.  Requiring the parties to incur the considerable costs associated with briefing summary judgment and potentially preparing a case for trial, when that case may no longer exist after the

9

interlocutory appeal, negates the entire rationale underlying the Rule 23(f) device and subjects defendants to avoidable and irreparable injury.[7] The purpose of Rule 23(f) is "to allow appellate review of class certification decisions and to protect parties from the expenditure of resources on a class action that may be substantially altered on appeal." *Best Buy*, 2014 WL 4540228, at *1; *see also CGC Holding Co., LLC v. Hutchens*, 965 F. Supp. 2d 1277, 1279 (D. Colo. 2013) ("[I]t is a matter of common sense that there is some benefit in sparing the parties unnecessary expense. . . . I conclude that it makes sense to stay proceedings in this Court pending the resolution of what could be dispositive interlocutory appeals."). Where "partial reversal is a plausible outcome and the impact of such a reversal is potentially dispositive," a stay of proceedings is warranted. *In re Lorazepam*, 208 F.R.D. at 6.

        Resolution of the issues on appeal may alter the summary judgment landscape, such that briefing summary judgment without knowing how the case might be altered on this appeal is a waste of the parties' and the Court's resources. Furthermore, if the case were to survive summary judgment—which it should not—the parties would need to head toward trial without knowing the contours of the case to be tried, including which plaintiffs are proper parties to the case, the scope of any final judgment, and a definitive measure of defendants' damages exposure. If the Sixth Circuit finds plaintiffs' expert report to be inadequate on the *Halliburton II* or *Comcast* issues and remands for further proceedings, the parties may need to engage in new expert analysis, re-take expert depositions and submit new *Daubert* motions. Such a result deprives defendants of the benefit of interlocutory review that the enactment of Rule 23(f) was

---

[7] The discovery and briefing schedule calls for expert discovery to be completed by November 27, 2017 and motions for summary judgment to be filed by January 5, 2018. (Dkt. 102 at 3.) Based on the briefing timelines laid out in the Federal Rules of Appellate Procedure, the Rule 23(f) appeal will not be fully briefed until late November, and the Sixth Circuit likely will not decide the appeal until after summary judgment motions in the district court are fully briefed.

intended to provide, and which the Sixth Circuit has indicated defendants are entitled to by its grant of their petition. *See* Fed. R. Civ. P. 23 advisory committee's notes to 1998 amendment (explaining that Rule 23(f) was enacted in part based on the concern that defendants with "appeal-worthy certification issues" would otherwise be forced to "incur the costs of defending" an improperly-certified class action).

### III. Plaintiffs Will Not Be Substantially Harmed by a Stay

Any harm plaintiffs might claim to suffer from a temporary delay would be "slight" and insignificant in comparison to the harm all parties would suffer absent a stay if defendants prevail on appeal. *See Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) (describing postponement resulting from a stay as "slight harm"). Plaintiffs do not allege any ongoing injury, and a delay in the litigation would not affect any of plaintiffs' rights or potential remedies. *See Whitlock*, 2012 WL 6675124, at *3 (harm to plaintiff did not weigh against stay where "Plaintiff does not allege a continuing harm," and "a stay would at most delay the Plaintiffs' recovery of damages for a past harm"). Moreover, fact discovery is now closed, and accordingly all evidence is preserved.

### IV. A Stay Is in the Public Interest

Finally, the public interest favors a stay in that it would avoid a drain on judicial resources through "costly and potentially unnecessary litigation." *Altamura v. L'Oréal, USA, Inc.*, No. CV 11-1067 CAS JCX, 2013 WL 4537175, at *3 (C.D. Cal. Aug. 26, 2013); *see also Pena*, 2015 WL 5103157, at *6 ("A stay is in the public interest; it will avoid unnecessary litigation and suspend the case in place."). "The public interest lies in proper resolution of the important issues raised in this case, and issuance of a stay would avoid wasting resources on a class action litigation which might be changed in scope on appeal." *Gray*, 2011 WL 6934433, at *3. As a court in this district previously held, staying proceedings pending a 23(f) appeal "best

serves judicial economy" and is the "wisest course of action." *Shanehchian v. Macy's, Inc.*, No. 1:07-CV-00828, 2011 WL 13157172, at *2 (S.D. Ohio Apr. 27, 2011).

The interests of the unnamed class members also favor a stay given the potentially preclusive effect of any order by this Court pending resolution of the appeal.  For instance, if the Court were to grant summary judgment for defendants on one or more causes of action, that ruling would normally have a *res judicata* effect barring any class member from asserting that claim individually.  However, if the circuit court thereafter issues an order decertifying the class, significant complications would arise in determining whether the former class members remain barred from asserting the dismissed claims.  The public interest in avoiding this confusing and potentially preclusive outcome counsels in favor of a stay.

## CONCLUSION

For the above stated reasons, the Court should issue an order staying proceedings in this case until the Sixth Circuit resolves defendants' Rule 23(f) appeal.

In light of the September 22, 2017 deadline for submission of defendants' expert reports, and the ongoing and significant costs of expert discovery, defendants respectfully request that the Court expedite briefing and consideration of the instant motion.  Defendants request that opposition briefs be due in ten days, on September 7, 2017, and that defendants' reply be due five days later, on September 12, 2017.

Dated:  August 28, 2017　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　**VORYS, SATER, SEYMOUR AND PEASE LLP**

　　　　　　　　　　　　　　　　　　　　　　/s/ William D. Kloss, Jr.
　　　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　　　William D. Kloss, Jr. (0040854)
　　　　　　　　　　　　　　　　　　　　　　John J. Kulewicz (0008376)
　　　　　　　　　　　　　　　　　　　　　　52 East Gay Street, P.O. Box 1008
　　　　　　　　　　　　　　　　　　　　　　Columbus, OH 43216-1008
　　　　　　　　　　　　　　　　　　　　　　Phone:  (614) 464-6360
　　　　　　　　　　　　　　　　　　　　　　Fax:  (614) 719-4807
　　　　　　　　　　　　　　　　　　　　　　wdklossjr@vorys.com
　　　　　　　　　　　　　　　　　　　　　　jjkulewicz@vorys.com

　　　　　　　　　　　　　　　　　　　　　　**CRAVATH, SWAINE & MOORE LLP**
　　　　　　　　　　　　　　　　　　　　　　Michael A. Paskin (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Timothy G. Cameron (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　　　Worldwide Plaza
　　　　　　　　　　　　　　　　　　　　　　825 Eighth Avenue
　　　　　　　　　　　　　　　　　　　　　　New York, NY 10019
　　　　　　　　　　　　　　　　　　　　　　Phone:  (212) 474-1000
　　　　　　　　　　　　　　　　　　　　　　Fax:  (212) 474-3700
　　　　　　　　　　　　　　　　　　　　　　mpaskin@cravath.com
　　　　　　　　　　　　　　　　　　　　　　tcameron@cravath.com

　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed electronically through the Court's CM/ECF System this 28th day of August, 2017.  Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.

/s/ William D. Kloss, Jr.
William D. Kloss, Jr. (0040854)