UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALAN WILLIS, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>v.<br><br>BIG LOTS, Inc., et al.,<br><br>          Defendants. | Case No. 2:12-cv-00604-MHW-KAJ<br><br>Judge Michael H. Watson<br><br>Magistrate Judge Kimberly A. Jolson |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR EXPEDITED MOTION TO STAY PENDING RULE 23(f) APPEAL (ECF NO. 115)

   A stay is warranted here for the same reasons that stays have been issued in many similar cases. Defendants have a "likelihood of success" on appeal, as that phrase is used in this context, because the appeal raises "serious legal questions" of first impression, which the Sixth Circuit will decide *de novo*. The balance of hardships weighs in favor of a stay because, absent a stay, defendants will incur millions of dollars in litigation costs that will have been wasted if they prevail on appeal. Such costs will be unrecoverable no matter how this case is resolved. In contrast, plaintiffs seek only monetary compensation for alleged past harms, which would remain fully available to them should they prevail at trial.

   Contrary to plaintiffs' contention that stays in these circumstances are "rare" and "exceptional," district courts, including in this District, routinely grant stays pending Rule 23(f) appeals. *See Shanehchian v. Macy's, Inc.*, No. 1:07-CV-00828, 2011 WL 13157172, at *2 (S.D. Ohio Apr. 27, 2011); *see also, e.g., IBEW Local 98 Pension Fund v. Best Buy Co.*, No. CIV. 11-429 DWF/FLN, 2014 WL 4540228, at *1 (D. Minn. Sept. 11, 2014); *Whitlock v. FSL Mgmt.,*

*LLC*, No. 3:10CV-00562-JHM, 2012 WL 6675124, at *4 (W.D. Ky. Dec. 21, 2012); *Brown v. Wal-Mart Stores, Inc.*, No. 5:09-CV-03339-EJD, 2012 WL 5818300, at *5 (N.D. Cal. Nov. 15, 2012); *Powell v. Tosh*, No. 5:09-CV-121, 2012 WL 1202289, at *6 (W.D. Ky. Apr. 10, 2012); *In re Lorazepam & Clorazepate Antitrust Litig.*, 208 F.R.D. 1, 6 (D.D.C. 2002). As courts have recognized, a stay effectuates the underlying purpose of Rule 23(f), which is to "protect parties from the expenditure of resources on a class action that may be substantially altered on appeal." *Best Buy*, 2014 WL 4540228, at *1; *see Pena v. Taylor Farms Pac., Inc.*, No. 2:13-CV-01282-KJM-AC, 2015 WL 5103157, at *2 (E.D. Cal. Aug. 31, 2015) ("Federal Rule of Civil Procedure 23 expressly contemplates a stay"). Those concerns are particularly compelling here, where over the next few months the parties are scheduled to engage in the costly exercises of conducting expert depositions and briefing summary judgment, the scope of which would be substantially altered by a Sixth Circuit decision in defendants' favor.

Accordingly, this Court should issue a stay of further proceedings until the Sixth Circuit has resolved defendants' appeal.

## I. DEFENDANTS HAVE A LIKELIHOOD OF SUCCESS ON THE MERITS

Plaintiffs' contentions concerning the "likelihood of success" factor are wrong.

*First*, defendants are not asking this Court to "find it abused its discretion in granting class certification."[1] Opp'n at 1. That is not the correct standard for "likelihood of success" on this motion and, unsurprisingly, none of the many district courts that have granted

---

[1] Defendants were explicit in their opening brief that they are not seeking reconsideration of this Court's class certification decision, nor is that required. *See* Defs' Expedited Mot. to Stay (Dkt. 115) at 2 ("[T]his is not a motion for reconsideration—to establish a 'likelihood of success,' defendants need not persuade this Court that its own class certification decision was wrong."); *id.* at 5 ("As evidenced by the frequency with which district courts grant stays pending Rule 23(f) appeals, this Court does not need to decide that its class certification decision was wrong in order to find that defendants have established a sufficient 'likelihood' of success.").

2

stays in these circumstances found they abused their own discretion.² *See Best Buy*, 2014 WL 4540228, at *2 (finding "likelihood of success" and granting stay, despite having "carefully considered the issue of class certification," where the 23(f) appeal "raises legal issues regarding *Halliburton II* that have not yet been addressed by the Eighth Circuit"). Rather, where the other factors favor a stay, a "likelihood of success" in this context is established by showing "serious questions going to the merits" of the appeal. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985); *see Altamura v. L'Oréal, USA*, Nos. CV 11-5465 CAS (JCx), CV 11-1067 (JCx), 2013 WL 4537175, at *2 (C.D. Cal. Aug. 26, 2013) ("In order to show that they are likely to succeed . . . L'Oréal need not persuade the Court that [its] prior decision was incorrect. Instead, L'Oréal only has to demonstrate that its appeal involves 'serious legal questions.'"); *see also, e.g.*, *Risinger v. SOC LLC*, No. 2:12-cv-00063-MMD-PAL, 2015 WL 7573191, at *1 (D. Nev. Nov. 24, 2015) ("SOC has identified a serious legal question and has satisfied the likelihood of success on the merits prong."); *Flo & Eddie, Inc. v. Sirius XM Radio, Inc.*, No. CV 13-5693 PSG (RZx), 2015 WL 4397175 (C.D. Cal. June 8, 2015) (defendant "satisfies the likelihood of success prong because the Court's ruling on the one-way intervention rule raises a serious legal issue warranting review by the Ninth Circuit").

*Second*, the legal issues raised in defendants' appeal will be decided by the Sixth Circuit *de novo*, not under a deferential standard. It is true that the decision to certify a class is reviewed for "abuse of discretion," but, as plaintiffs concede, it is always an abuse of discretion

---

² Plaintiffs' reliance on *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150 (6th Cir. 1991), for the proposition that defendants must show "a high probability of success on the merits," consisting of "a likelihood of reversal," is misplaced for two reasons. *First*, *Griepentrog* concerns the standard the Court of Appeals applies in determining whether to stay district court proceedings, not the standard that is applicable (and that courts in fact apply) in the District Court. *Second*, the Sixth Circuit was addressing the standard for a stay of a final judgment and permanent injunction, not a stay of proceedings pending a Rule 23(f) appeal.

if the district court "improperly applies the law or uses an erroneous legal standard." *See* Opp'n at 4. Accordingly, even on appeals governed by the abuse of discretion standard, "[l]egal conclusions of the district court are reviewed *de novo*." *United States v. Tucker*, 8 F. App'x 364, 368 (6th Cir. 2001); *see IBEW Local 98 Pension Fund v. Best Buy Co.*, 818 F.3d 775, 779 (8th Cir. 2016) ("We review the grant of class certification for abuse of discretion, but review legal questions *de novo*.") (internal citation omitted); *In re St. Jude Med., Inc.*, 425 F.3d 1116, 1119 (8th Cir. 2005) ("We review a district court's ruling granting or denying class certification for abuse of discretion. The district court's rulings on issues of law are reviewed *de novo*, and the court abuses its discretion if it commits an error of law. Thus, even under the abuse of discretion standard, a district court's rulings on issues of law are reviewed *de novo*.") (internal citations omitted).

The issues raised on defendants' appeal are questions of law, and accordingly will be subject to *de novo* review. Defendants contend that this Court incorrectly allocated the evidentiary burdens in determining that defendants had not rebutted the presumption of reliance with evidence of a lack of price impact. The "allocation of the burden of proof is a legal issue reviewed de novo" by a circuit court. *Whitehouse Hotel Ltd. P'ship v. C.I.R.*, 615 F.3d 321, 332 (5th Cir. 2010); *see also Estate of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1065 (9th Cir. 2016) (circuit court reviews "de novo a district court's allocation of the burden of proof"); *Best Buy*, 2014 WL 4540228, at *2 (granting stay where appeal "raises legal issues regarding *Halliburton II* that have not yet been addressed by the Eighth Circuit"). Similarly, whether this Court applied the correct legal standard for determining if plaintiffs' methodology for calculating classwide damages complies with *Comcast* will be subject to *de novo* review. *See Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015) ("We review the district

4

court's construction of legal standards *de novo*."); *see also Altamura*, 2013 WL 4537175, at *2 (holding that defendants established "likelihood of success" because "the application of *Comcast* to a statutory damages provision is a 'serious legal question[]'").

Plaintiffs are wrong that the price impact issue on appeal "has already been resolved in plaintiffs' favor." Opp'n at 5. The question on appeal is not whether price maintenance is viable as an economic or legal theory, but rather which party bears the burden of proof concerning that theory at the class certification stage. This Court held that defendants have the burden to rule out the possibility of price maintenance, whereas the Eighth Circuit held that plaintiffs must come forward with evidence. That allocation of the burden of proof is a question of first impression in the Sixth Circuit, which it will address *de novo*. By contrast, the circuit court cases plaintiffs cite address the viability of price maintenance in general, but they do not address the application of *Halliburton II* to a rebuttal of price impact at the class certification stage. *See* Opp'n at 5 (citing *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 256 (2d Cir. 2016); *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1314 (11th Cir. 2011); *Schleicher v. Wendt*, 618 F.3d 679, 683-84 (7th Cir. 2010)). Both *FindWhat* and *Schleicher* were decided before *Halliburton II*, and the court in *Vivendi* was not assessing the proper allocation on burdens, but rather was reviewing the district court's denial of a *Daubert* challenge to the plaintiffs' expert. 838 F.3d 223, 259 (2d Cir. 2016). The only Court of Appeals decision directly on point is *Best Buy*, which decided the issue in defendants' favor—*i.e.*, that the unsupported "theory" of price maintenance does not overcome uncontroverted evidence of lack of price impact for purposes of rebutting the fraud-on-the-market presumption at the class certification stage.[3] 818 F.3d at 783.

---

[3] In fact, this case is even more straightforward than *Best Buy* because plaintiffs allege in

*Third*, defendants do not contend that "the simple fact that the Sixth Circuit granted review," alone, establishes a likelihood of success. Opp'n at 9. The fact that the majority of Rule 23(f) appeals in the Sixth Circuit result in either reversal or dismissal is a factor weighing in defendants' favor. *See* Mot. at 7. But defendants' likelihood of success is based on that factor plus the facts that (a) the appeal involves novel questions of first impression in this circuit; (b) three circuit courts have granted Rule 23(f) petitions in cases involving these same legal issues; and (c) the Eighth Circuit has agreed with defendants' position on the evidentiary showing sufficient to rebut the *Basic* presumption of reliance. Together, those facts demonstrate that the appeal raises substantial, unresolved legal questions such that defendants have more than a "mere possibility" of success. In short, this case is on all fours with *Best Buy*, 2014 WL 4540228, *Gray v. Golden Gate Nat. Recreational Area*, No. C 08-00722 EDL, 2011 WL 6934433 (N.D. Cal. Dec. 29, 2011), and *Lorazepam*, 208 F.R.D. at 5-6, each of which held that defendants had a "likelihood of success" on appeal despite the court's continued belief that its own class certification decision was correct.[4]

*Fourth*, the fact that the Sixth Circuit did not *already* stay all proceedings in this Court does not, as plaintiffs contend (*see* Opp'n at 1), suggest anything about whether a stay is appropriate. Under Federal Rule of Appellate Procedure 8, defendants are required to move for a

---

their amended complaint that misstatements at the beginning of the class period caused Big Lots' stock price to *increase*, not that they maintained some pre-existing inflation, thereby rendering the price maintenance theory inapplicable.

[4] Plaintiffs cite *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000) as support for the notion that this case must differ from "most cases" in order to warrant a stay. *Prado-Steiman* did not even involve a motion to stay. There, the court was commenting that Rule 23(f) petitions should be rarely granted by a circuit court because a district court may decide *sua sponte* to decertify a class in light of new evidence adduced during fact discovery. Given that fact discovery is finished, and the Sixth Circuit has already granted defendants' Rule 23(f) petition, that case is inapposite.

stay first in the district court. Only if the district court declines to issue a stay can defendants then move for a stay in the Court of Appeals.[5] *See* Fed. R. App. Procedure 8(a)(2); *see also* Fed. R. Civ. P. 23 advisory committee's notes to 1998 amendment ("Permission to appeal does not stay trial court proceedings. A stay should be sought first from the trial court."). Accordingly, the fact that the Sixth Circuit did not prematurely intervene in proceedings in this Court does not advance plaintiffs' argument.

## II. THE BALANCE OF HARDSHIPS FAVORS A STAY

The balance of hardships is straightforward. Absent a stay, if the Sixth Circuit rules in defendants' favor, defendants will have expended millions of dollars in unnecessary litigation costs. Such harm is literally "irreparable" in that it can never be recovered regardless of how this litigation is resolved. In contrast, even if plaintiffs prevail on the appeal, plaintiffs will suffer no harm from a stay other than a short delay in pursuing their claims, and the alleged past harms they seek to redress—alleged monetary losses only—remain fully compensable if they prevail at trial. None of their rights or remedies would be affected, and they too stand to benefit from avoiding potentially unnecessary costs. Accordingly, as many courts have held in these circumstances, the balance of hardships weighs strongly in favor of a stay. *See, e.g.*, *Nieberding v. Barrette Outdoor Living, Inc.*, No. 12-2353-DDC-TJJ, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014); *Pena*, 2015 WL 5103157, at *5; *Gray*, 2011 WL 6934433, at *3;

---

[5] Even where the district court has denied a stay pending a Rule 23(f) appeal, the circuit court frequently has stayed district court proceedings. *See* Order, *Waggoner v. Barclays PLC*, No. 16-1912 (2d Cir. Sept. 7, 2016), ECF No. 110 (granting stay after defendants' motion was denied by the Southern District of New York); Order, *In re Modafinil Antitrust Litig.*, No. 15-3475 (3d Cir. Jan. 25, 2016), ECF No. 3112188283 (granting stay after motion was denied by the Eastern District of Pennsylvania); *Torres v. S.G.E. Mgmt., L.L.C.*, 838 F.3d 629, 635 (5th Cir. 2016) (noting that the circuit court had granted a stay pending resolution of 23(f) petition and any subsequent appeal); *c.f. Griepentrog*, 945 F.2d at 153-54 (granting stay pending appeal of the judgment of the Western District of Michigan after district court denied the stay motion).

*Perrin v. Papa Johns Int'l, Inc.*, No. 4:09CV01335 AGF, 2014 WL 306250, at *3 (E.D. Mo. Jan. 28, 2014); *Willcox v. Lloyds TSB Bank, PLC*, No. CV 13-00508 ACK-RLP, 2016 WL 917893, at *6 (D. Haw. Mar. 7, 2016); *Flo & Eddie*, 2015 WL 4397175, at *3.

Plaintiffs' specific arguments are without merit.

*First*, plaintiffs are wrong that litigation costs alone are insufficient to justify a stay. In the context of a Rule 23(f) appeal, the significant and unrecoverable costs that may be avoided with a stay are routinely viewed as sufficient. *See Best Buy*, 2014 WL 4540228, at *3 ("Defendants also argue that they will suffer irreparable harm absent a stay [because] they would be forced to engage in costly discovery and motion practice pending the Eighth Circuit's decision. This factor weighs in favor of a stay."); *Nieberding*, 2014 WL 5817323, at *4 ("Defendants have shown that they will be harmed if they are required to incur significant costs in proceedings that may result in duplicative and wasteful litigation if the Tenth Circuit decertifies or alters the class. . . . Monetary losses that are not recoverable can constitute irreparable harm."); *Gray*, 2011 WL 6934433, at *3 ("Defendants have shown that they would suffer substantial harm if this action is not stayed pending appeal and the Court is later reversed on the issue of class certification, resulting in substantial time and resources being spent on the litigation, particularly expert discovery, dispositive motions and trial preparation on class claims."); *see also Wal-Mart*, 2012 WL 5818300, at *4 (finding balance of hardships favors a stay due to "significant discovery and other litigation expenses" that might be "irrelevant" if "the Ninth Circuit . . . alter[ed] or overturn[ed] this court's class certification"). Indeed, the very purpose of Rule 23(f) is "to allow appellate review of class certification decisions and to protect parties from the expenditure of resources on a class action that may be substantially altered on appeal." *Best Buy*, 2014 WL 4540228, at *1.

8

Plaintiffs' reliance on cases from outside the Rule 23(f) context is misplaced. *F.T.C. v. Standard Oil Co. of California* did not involve any kind of stay—rather, the defendants were seeking immediate judicial review of an FTC complaint against them in an effort to avoid the expenses associated with standard administrative proceedings. 449 U.S. 232, 244 (1980). *Dodds v. United States Department of Education* is even further afield, as it concerned the costs of remodeling school restrooms and addressing parental inquiries, not the costs of litigation. *See* Third-Party-Defs.' Appellants' Mot. to Stay Prelim. Inj., *Dodds v. U.S. Dep't of Educ.*, No. 16-4117 (6th Cir. Oct. 27, 2016), ECF No. 22-1. Those circumstances are very different from this one, where interlocutory appeal is authorized by Rule specifically to prevent unnecessary costs in complex class actions such as this one.

The Rule 23(f) cases plaintiffs cite on irreparable harm are also inapposite. The facts of *In re Polyurethane Foam Antitrust Litigation* were different in two significant respects: (a) defendants' Rule 23(f) petition was still pending and the court's denial of the stay motion was based in part on "the unlikelihood that Defendants' petition will be granted," and (b) fact discovery in that case was incomplete, such that the harm of fading fact witness memories was found to outweigh costs of continued discovery. 2014 WL 12591692, at *4. The latter concern is not present here, given that fact discovery is completed[6] and all evidence and testimony has been preserved.[7] Plaintiffs' reliance on *DL v. District of Columbia* is also misplaced, as that case

---

[6] As noted in defendants' opening brief on this motion, defendants are not seeking to stay the deposition of David Campisi, which had to be rescheduled due to unforeseen circumstances. By agreement of the parties, that deposition is now scheduled for October 24, 2017.

[7] *Halliburton* and *Cobalt* are similarly distinguishable. The court in *Erica P. John Fund, Inc. v. Halliburton* highlighted the risk that "memories will fade and witnesses will become unavailable" if a stay issued, but those risks are not present here. No. 3:02-CV-1152-M, 2015 U.S. Dist. LEXIS 159519, at *10 (N.D. Tex. Nov. 24, 2015). *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. H-14-3428, 2017 U.S. Dist. LEXIS 134495, at *16 (S.D. Tex. Aug. 23, 2017), also

involved continuing non-compliance with the Individuals with Disabilities Education Act, as opposed to seeking damages for alleged past harms. 6 F. Supp. 3d 133, 135 (D.D.C. 2014). Accordingly the court's denial of a stay was aimed at preventing a continuing harm—a consideration not relevant in this case where all of the harms alleged are past monetary losses that can be fully compensated after trial.

*Second*, plaintiffs understate the costs of continued district court litigation while the appeal is pending. The completion of defendants' expert reports, which plaintiffs reference (Opp'n at 10), is not the issue. Rather, the costs of preparing for, taking and defending six expert depositions, briefing what likely will be multiple *Daubert* motions, and marshalling over 300,000 documents and the testimony of 25 witnesses in support of a summary judgment motion will be exceedingly costly, and defendants project their costs will be in the millions of dollars. *See Njenga v. San Mateo Cty. Superintendent of Sch.*, No. C-08-04019 EDL, 2010 WL 1261493, at *10 (N.D. Cal. Mar. 30, 2010) (referencing the "expensive and time-consuming process of summary judgment"); *see also Koch Bus. Holdings, L.L.C. v. Amoco Pipeline Holding Co.*, No. 05-1237-JTM, 2006 WL 647613, at *8 (D. Kan. Mar. 15, 2006) (describing summary judgment briefing as "lengthy and undoubtedly expensive"). Such costs cannot later be recovered no matter how this litigation is resolved, but, as other courts have recognized, they can and should be avoided with the issuance of a stay. Plaintiffs fail to even respond to defendants' argument regarding potential trial preparation, ignoring the possibility that the parties may be required to prepare for a trial without knowing the proper parties to the case and the scope or exposure of any final judgment. *See, e.g.*, *Wal-Mart*, 2012 WL 5818300, at *4 (granting stay where

---

involved fact witnesses with fading memories, as well as a concern about delaying the collection of a judgment from a defendant in a negative financial condition.

defendant would "incur potentially substantial fees and engage in discovery that may ultimately be unnecessary" if Rule 23(f) appeal is successful).

*Third*, the Sixth Circuit's resolution of the appeal in defendants' favor will have a potentially determinative impact on this case, or at a minimum, will significantly alter the contours of a summary judgment motion.[8] Plaintiffs' efforts to deny that fact are self-contradictory, as plaintiffs at once claim that the representative plaintiffs are "not limited to the fraud-on-the-market presumption of reliance" (Opp'n at 11 n.9), but also contend they are typical of a class relying on the fraud-on-the-market presumption. Even if plaintiffs could proceed individually after an adverse ruling on the *Halliburton II* issues, however, the landscape for summary judgment would be dramatically different: defendants' motion would focus heavily on plaintiffs' lack of actual reliance on the alleged misstatements.[9] Until the parties have clarity on these critical questions, "the costs of pretrial litigation, incurred unnecessarily, would constitute irreparable harm." *Pena*, 2015 WL 5103157, at *5.[10]

---

[8] The briefing schedule issued by the Sixth Circuit calls for defendants' appeal to be fully briefed as of December 11, 2017. Accordingly, it is highly unlikely that the circuit court will rule on defendants' appeal until after the summary judgment motion deadline on January 5, 2018.

[9] As a practical matter, the costs of prosecuting a case on an individual basis would likely be prohibitive and decertification of the class would result in the termination of the litigation. Indeed, as the advisory committee's notes to the adoption of Rule 23(f) explain, "An order denying certification may confront the plaintiff with a situation in which the only sure path to appellate review is by proceeding to final judgment on the merits of an individual claim that, standing alone, is far smaller than the costs of litigation." *See also Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 834 (7th Cir. 1999) ("For some cases the denial of class status sounds the death knell of the litigation, because the representative plaintiff's claim is too small to justify the expense of litigation."). Thus, a Sixth Circuit decision in defendants' favor would likely be case-dispositive.

[10] Plaintiffs' reliance on *Beattie v. Centurytel, Inc.*, No. 02-10277-BC, 2006 U.S. Dist. LEXIS 41200 (E.D. Mich. June 20, 2006), is misplaced. In that case, the court found dispositive the fact that "it does not appear that the same type of potentially case-terminating issues are present in this case." *Id*. at *16. As discussed above, the issues on appeal here are case

Finally, the burdens of potentially unnecessary expert discovery, summary judgment briefing and trial preparation outweigh the "slight harm" of a temporary delay to plaintiffs. *See Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979); *see also Griepentrog*, 945 F.2d at 155 ("We find that the harm to the plaintiff if the stay is issued is relatively slight."). As other courts have recognized, plaintiffs seek only monetary damages for past harms and therefore may be fully made whole at trial if they ultimately prevail. *See Wal-Mart*, 2012 WL 5818300, at *4 (granting stay pending Rule 23(f) petition and holding that "[t]he potential delay in Plaintiff's ability to recover penalties also does not constitute a substantial injury. . . . Should Plaintiff ultimately prevail, she and the class members will be able to recover any penalties due to them under the statute."); *Whitlock*, 2012 WL 6675124, at *3 (granting stay pending Rule 23(f) petition where "a stay would at most delay the Plaintiffs' recovery of damages for past harm," which "are not irreparable" injuries).[11]

Moreover, defendants have not caused any delay of this litigation. The PSLRA stay was in effect during this Court's consideration of the motion to dismiss by operation of statute. Thereafter, other than the stipulated scheduling order to answer plaintiffs' amended complaint, all extensions of the schedule were made to benefit plaintiffs: (a) in November 2016, the parties sought an extension of the discovery schedule to give plaintiffs "adequate time to review the critical mass of documents and conduct additional discovery" (Dkt. 84 at 2); and

---

determinative and the rationale from *Beattie* does not apply.

[11] Plaintiffs fail even to respond to defendants' argument that the interests of the unnamed class members favor a stay given the potentially preclusive effect of any order by this Court pending resolution of the appeal. It is a very real possibility that this Court may grant summary judgment for defendants on one or more causes of action, thereby barring any class member from asserting that claim individually. But if the circuit court thereafter decertifies the class, a complicated situation will arise in trying to determine whether the former class members remain barred from asserting the dismissed claims. The public interest in preventing this confusing and potentially preclusive effect on unnamed class members weighs in favor of a temporary stay.

(b) in May 2017, plaintiffs unilaterally moved for an extension of the expert discovery and summary judgment motion deadlines.  (Dkt. 101.)[12]

## CONCLUSION

For the above stated reasons, defendants respectfully submit that the Court should issue an order staying proceedings in this case until the Sixth Circuit resolves defendants' Rule 23(f) appeal.

---

[12] The cases cited by plaintiffs are inapposite.  In *In re Polyurethane Foam Antitrust Litigation*, *Griffiths v. Ohio Farmers Insurance Co.*, and *Jenkins v. Hyundai Motor Financing Co.*, the defendants moved to stay proceedings in the district court *before* the Sixth Circuit had ruled on their 23(f) petitions—the uncertainty of whether the petition would even be granted weighed heavily against staying district court proceedings in the interim, and ultimately defendants' Rule 23(f) petitions in all three cases were denied.  Order, *In re Carpenter Co.*, No. 14-0302 (6th Cir. Sept. 29, 2014), ECF No. 60; Order, *In re Ohio Farmers Ins. Co., et al.*, No. 10-0311 (6th Cir. July 16, 2010), ECF No. 29-1; Order, *Jenkins v. Hyundai Motor Fin. Co.*, No. 2:04-cv-00720 (S.D. Ohio June 10, 2008), ECF No. 120.

Dated:  September 12, 2017                    Respectfully submitted,

**VORYS, SATER, SEYMOUR AND PEASE LLP**

/s/ William D. Kloss, Jr.
Trial Attorney
William D. Kloss, Jr. (0040854)
John J. Kulewicz (0008376)
52 East Gay Street, P.O. Box 1008
Columbus, OH 43216-1008
Phone:  (614) 464-6360
Fax:  (614) 719-4807
wdklossjr@vorys.com
jjkulewicz@vorys.com

**CRAVATH, SWAINE & MOORE LLP**
Michael A. Paskin (admitted *pro hac vice*)
Timothy G. Cameron (admitted *pro hac vice*)
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Phone:  (212) 474-1000
Fax:  (212) 474-3700
mpaskin@cravath.com
tcameron@cravath.com

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing was filed electronically through the Court's CM/ECF System this 12th day of September, 2017. Notice of this filing will be sent via email to all parties by operation of the Court's electronic filing system.

/s/ William D. Kloss, Jr.
William D. Kloss, Jr. (0040854)
