IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN ISTRICT OF OHIO
EASTERN DIVISION

ALAN WILLIS, Individually and on Behalf
of All Others Similarly Situated,

        Plaintiffs,

   v.                                Civil Action 2:12-cv-604
                                      Judge Michael H. Watson
                                      Magistrate Judge Jolson

BIG LOTS, INC., et al.,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion To Stay Pending Rule 23(f) Appeal. (Doc. 115). For the reasons set forth below, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

I.     BACKGROUND

This is a securities class action in which Plaintiffs allege that Defendants unlawfully inflated the value of Big Lots' stock during the period from March 2, 2012 to August 23, 2012 by concealing the company's true financial condition. On March 17, 2017, the Court issued an Opinion and Order (the "March 17 Opinion and Order") granting the Motion filed by Lead Plaintiff, City of Pontiac General Employees' Retirement System, for class certification and for the appointment of itself and Teamsters Local 237 Additional Security Benefit Fund as Class Representatives and the law firm Robbins Geller Rudman & Dowd LLP as Class Counsel (the "Underlying Motion"). (Doc. 88). Two weeks later, Defendants filed a Motion To Stay Dissemination Of Notice To Class Members Pending Rule 23(f) Appeal. (Doc. 89).

On May 4, 2017, this Court issued a Report and Recommendation recommending that Defendants Motion be granted in part and denied in part. (Doc. 93). More specifically, the Undersigned recommended that the Court direct the parties to prepare the class notice for publication and mailing, but not permit dissemination of the notice until the Sixth Circuit has resolved the petition for permissive leave to appeal. (*Id*. at 7). The Undersigned added that if that petition is granted, the Court may then consider a renewed Motion to Stay. (*Id*.).

The Court adopted the Report and Recommendation on June 8, 2017, and thus dissemination of class notice was stayed. (*See* Doc. 106). The Court also stated that if Defendants' petition for appeal is granted, they could renew the Motion to Stay. (*Id*. at 2).

The Sixth Circuit granted Defendants' petition for appeal on August 23, 2017. (Doc. 114). Although Plaintiffs agree that a stay of dissemination of class notice should continue pending appeal, they oppose Defendants' request to stay the remainder of the proceedings. (*See* Doc. 115 at 4). Consequently, Defendants filed the instant Motion on August 28, 2017. (*Id*.). That Motion is now ripe for review. (Doc. 117 (opposition); Doc. 118 (reply)).

Pursuant to General Order No. COL: 14-01 (S.D. Ohio Jan. 14, 2014), "motions to stay litigation in this court pending the outcome of proceedings in other courts" are considered non-dispositive motions that may be determined by the Undersigned in the first instance without a referral.

## II. DISCUSSION

As set forth in this Court's May 4, 2017 Report and Recommendation, motions to stay proceedings pending permissive appeal to the Sixth Circuit are analyzed under a balancing test using the following four factors: (1) whether the defendants are likely to succeed on the merits; (2) whether the defendants will be harmed irreparably without a stay; (3) whether the issuance of a stay

will cause substantial harm to other parties; and (4) whether the public interest would be served by the issuance of the stay. *See Jenkins v. Hyundai Fin. Co.*, No. C2-04-720, 2008 WL 2268319, at *1 (S.D. Ohio June 2, 2008) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *Holden v. Heckler*, 584 F. Supp. 463, 497 (N.D. Ohio 1984)); *see also Griffiths v. Ohio Farmers Ins. Co.*, 1:09-cv-1011, 2010 WL 2774446, at *1 (N.D. Ohio July 12, 2010) ("In this context, courts in the Sixth Circuit generally apply the four-factor balancing test used to evaluate requests for preliminary injunctive relief."). Courts balance these factors with flexibility and enjoy discretion in doing so because they "are not prerequisites or elements that must be met, but are 'interrelated considerations that must be balanced together.'" *Griffiths*, 2010 WL 2774446, at *1 (quoting *Mich. Coal. of Radioactive Material Users, Inc.*, 945 F.2d at 153).

### A. Likelihood Of Success On The Merits

In evaluating whether Defendants are likely to succeed on the merits, the Court again examines the parties' arguments and the Court's decision on the Underlying Motion.

#### 1. The Underlying Motion

In support of the Underlying Motion, Plaintiffs argued that common issues of reliance on Defendants' alleged misrepresentations predominated over individual issues as set forth in *Basic Inc. v. Levinson*, 108 S. Ct. 978 (1988). In that case, the Supreme Court held that "securities fraud plaintiffs can in certain circumstances satisfy the reliance element of a Rule 10b-5 action by invoking a rebuttable presumption of reliance, rather than proving direct reliance on a misrepresentation." *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2408 (2014) ("*Halliburton II*"). In the March 17 Opinion and Order, the Court explained that this rebuttable presumption is based on the "fraud-on-the-market" theory, "which holds that 'the market price of shares traded on well-developed markets reflects all publicly available information, and, hence, any

3

material misrepresentations.'" (Doc. 88 at 27–28 (citing *Halliburton II*, 134 S. Ct. at 2407, quoting *Basic*, 485 U.S. at 246)).

Defendants argued *inter alia* that, even if Plaintiffs were able to invoke such a presumption, they could rebut it with evidence of a lack of price impact by proving that there was no statistically significant price increase after a misrepresentation was made. (*Id*. at 29). However, the Court held that there were other ways to prove price impact, such as the "price maintenance theory." (*Id*. at 36). Under that theory, a misrepresentation can have a price impact by maintaining a stock's already-inflated price. (*Id*.).

This Court stated that, although the Sixth Circuit Court of Appeals has yet to consider the price maintenance theory, at least three Circuit Courts of Appeal and one district court in this Circuit have accepted it. (*Id*. at 39 (citing *In re Vivendi, S.A. Sec. Litig.*, 838 F.3d 223, 258 (2nd Cir. 2016) ("[I]t is hardly illogical or inconsistent with precedent to find a statement may cause inflation not simply by adding it to a stock, but by maintaining it."); *FindWhat Investor Grp. v. FindWhat.com*, 658 F.3d 1282, 1314 (11th Cir. 2011) ("[C]onfirmatory information that wrongfully prolongs a period of inflation—even without increasing the level of inflation—may be actionable under the securities laws."); *Schleicher v. Wendt*, 618 F.3d 679, 683–84 (7th Cir. 2010); *Burges v. BancorpSouth, Inc.*, 2016 U.S. Dist. LEXIS 56802, at *8–9 (M.D. Tenn. Apr. 28, 2016) ("*Halliburton* says only that defendants may present evidence that the misrepresentation did not in fact affect the stock price, not that the price impact is determined only at the time of the alleged misrepresentations."), *vacated on other grounds*, *In re BancorpSouth, Inc.*, 2016 U.S. App. LEXIS 16936 (6th Cir. 2016)). Thus, the Court rejected Defendants' argument that they could rebut *Basic*'s presumption of price impact only by demonstrating that there was no statistically significant price increase after a representation was

4

made.  (*Id*. at 40).  For these reasons, the Court found that Defendants had "failed to rebut the presumption of reliance, individual issues of reliance will not predominate over common issues, and the predominance requirement of Rule 23(b)(3) is satisfied."  (*Id*.).

### 2. The Instant Motion

Here, Defendants generally claim they have a likelihood of success on the merits for three reasons: (1) because the Eighth Circuit has agreed with their position on an issue that, if decided in their favor here, would mandate reversal; (2) three circuit courts have granted Rule 23(f) petitions in other cases raising the same unresolved legal issues; and (3) the Sixth Circuit has determined that Defendants' appeal raises issues that warrant interlocutory review.  (Doc. 115 at 6–7).

Plaintiffs disagree, arguing that Defendants have not shown a likelihood of success on the merits.  (*See* Doc. 117 at 4).  More specifically, they claim that Defendants are unable to show the Court abused its discretion "because the Supreme Court and circuit courts around the country have already considered the issues raised in defendants' appeal and decided them in plaintiffs' favor."  (*Id*. at 4–5).  They also argue that the Sixth Circuit's grant of review does not itself show a likelihood of success on the merits.  (*Id*. at 9–10) ("The grant of review, by itself, says nothing about the likelihood of reversal.").

In the March 17 Opinion and Order, the Court agreed with three circuits and one district court in this circuit that recognize the price maintenance theory of price impact.  (Doc. 88 at 39–40).  The Court acknowledged that the Sixth Circuit has yet to consider the issue and that it is not a well-settled principle of law.  (*Id*. at 39).  At base, the Court recognized the possibility that the Sixth Circuit could reject the price maintenance theory, but found it unlikely given the decisions on point.  (*See id*.).  Based upon the foregoing, the Court determined in its May 4, 2017, Report and

Recommendation that Defendants are unlikely to succeed on the merits, and the first factor weighs against a stay. (Doc. 93 at 5).

Although questions remain about Defendants' likelihood of success on appeal, the landscape has changed insomuch as the Sixth Circuit has granted Defendants' petition for appeal. (*See* Doc. 114). As the Court explained in *In re Polyurethane Foam Antitrust Litig.*, No. 1:10 MD 2196, 2014 WL 12591692, at *1 (N.D. Ohio May 16, 2014), "Defendants' burden with respect to a showing a likelihood of success on the merits is two-fold: Defendants must show a likelihood that the Rule 23(f) petition will be granted, and that the Sixth Circuit will reverse" the certification decision. Here, Defendants have satisfied the first part of that burden. *See id.*; (Doc. 114). As to the second, there is at least some merit to Defendants' position concerning the likelihood of success given that the Sixth Circuit has yet to consider the price maintenance theory. (*See* Doc. 88 at 39; Doc. 115 at 5) (citing *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. CIV. 11-429 DWF/FLN, 2014 WL 4540228, at *2 (D. Minn. Sept. 11, 2014)); *see also In re Polyurethane Foam Antitrust Litig.*, 2014 WL 12591692, at *2 (noting that novel and unsettled legal questions of general applicability weigh in favor of a stay). Thus, even if this factor is a neutral or continues to weigh against a stay (albeit less so in light of the procedural posture), it is not a prerequisite and must be balanced with the potential harms and the public interest which, as addressed below, weigh in favor of a stay. *See Griffiths v. Ohio Farmers Ins. Co.*, 1:09-cv-1011, 2010 WL 2774446, at *1 (N.D. Ohio July 12, 2010).

B.  **Balance Of The Harms And Consideration Of The Public Interest**

Defendants argue that they will be harmed without a stay because "[a]ll parties will be required to incur significant costs in continuing to litigate the case—including submitting expert reports and rebuttal reports, deposing the other party's experts, briefing potential *Daubert* motions,

briefing motions for summary judgment, and potentially arguing motions in limine and preparing for classwide trial," which "may be rendered completely moot by the Sixth Circuit's decision on appeal." (Doc. 115 at 8). Defendants add that the substantive issues before the Sixth Circuit "have a potentially determinative impact on this action," regardless of whether it proceeds as a class or on Plaintiff's individual claims. (*Id*. at 9) ("[I]f the Sixth Circuit agrees with defendants on the issue of price impact, not only will the class have to be decertified, but defendants also will be entitled to summary judgment on plaintiffs' individual claims because plaintiffs would be unable to invoke the presumption of reliance."). Defendants assert that any harm that Plaintiffs may suffer as a result of a stay would be "'slight' and insignificant in comparison to the harm all parties would suffer absent a stay if defendants prevail on appeal." (*Id*. at 11). Finally, Defendants argue that the public interest favors a stay because to allow the action proceed unnecessarily could be a waste of judicial resources. (*Id*.).

Plaintiffs counter that the time and expense that Defendants would spend litigating this matter absent a stay does not constitute irreparable harm. (Doc. 117 at 10–11) (adding that the remaining costs of discovery are minimal and Defendants are incorrect in their assertion that a reversal on appeal would end the litigation). Plaintiffs also argue that they will suffer substantial harm if a stay is granted, given how long this case has been pending and because the parties are engaged in expert discovery. (*Id*. at 12) ("[T]o stop now, while memories are fresh and the experts' familiarity with the minutia of their reports is high, only to pick up again at some indefinite point in the future makes no sense and would result in inefficient and redundant efforts."). Last, Plaintiffs claim the public has an interest in the prompt resolution of this case. (*Id*. at 13).

In the Undersigned's view, Defendants would suffer only a minimal burden if required to comply with the deadline for expert reports. As Plaintiffs explain, the parties were in the midst of

7

completing expert discovery on August 23, 2017, when the Sixth Circuit granted Defendants' petition to appeal. (Doc. 113). Specifically, Plaintiffs served their expert reports on July 24, 2017, Defendants' expert reports are due on September 22, 2017, and Plaintiffs' rebuttal reports are due on October 27, 2017. (Doc. 117 at 2 (citing Doc. 102)). Indeed, Defendants do not raise an issue concerning the time or expense involved in completing expert reports. (Doc. 118 at 10 ("The completion of defendants' expert reports, which plaintiffs reference (Opp'n at 10), is not the issue.")). Thus, the Motion to Stay is **DENIED IN PART** as it relates to expert reports.

However, the Court agrees that absent a stay of the remaining expert discovery and the summary judgment deadline, significant costs and judicial resources may be expended unnecessarily, which is counter to the interests of the parties, this Court, and the public. *See Shanechian v. Macy's, Inc.*, No. 1:07-cv-828, 2011 WL 13157172, at *2 (S.D. Ohio April 27, 2011) (granting a stay pending Rule 23(f) appeal because it "best serve[d] judicial economy"). This is not a situation where, as Plaintiffs' contend, a stay would do nothing more than unnecessarily delay the resolution of this litigation. (Doc. 117 at 13). Because the Sixth Circuit's decision may define the contours of this case going forward, the Motion to Stay is **GRANTED IN PART**.

## III. CONCLUSION

Based on the foregoing, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**. (Doc. 115). More specifically, the parties are **ORDERED** to comply with the deadlines for expert reports, but the remaining case deadlines are **STAYED** pending resolution of the interlocutory appeal in the Sixth Circuit. Further, the stay of dissemination of class notice continues.

### Procedure on Objections to Order

Any party may, within fourteen days after this Order is filed, file and serve on the

8

opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. Rule 72(a); Eastern Divsion Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objection, and no reply shall be filed without leave of Court. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law. This Order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio Civ. R. 72.3.

IT IS SO ORDERED.

Date: September 19, 2017
/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE