UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Alan Willis,

    Plaintiff,

    v.                                                 Case No. 2:12–cv–604

Big Lots, Inc., *et al.*,                Judge Michael H. Watson

    Defendants.                       Magistrate Judge Jolson

## OPINION AND ORDER

Plaintiff Alan Willis ("Plaintiff") individually and on behalf of others similarly situated, moves for final settlement approval, approval of an allocation plan, and for attorney's fees and costs. ECF No. 129. For the reasons that follow, Plaintiff's motion for final settlement approval is **GRANTED**.

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") entered June 25, 2018, on the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement dated May 16, 2018 (the "Stipulation"). Due and adequate notice having been given to the Class as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

    1.    This Final Judgment and Order of Dismissal with Prejudice ("Order and Final Judgment" or "Judgment") incorporates by reference the definitions in

the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all members of the Class.

3. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finds that the Settlement is fair, reasonable, and adequate as to each of the Settling Parties, and that the Settlement set forth in the Stipulation is hereby finally approved in all respects, and the Settling Parties are hereby directed to perform its terms.

5. Accordingly, the Court authorizes and directs implementation of the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses with prejudice the Litigation and all claims contained therein and all of the Released Claims as against the Released Persons, except as and to the extent provided in the Stipulation and herein.

6. Upon the Effective Date hereof, and as provided in the Stipulation, the Class Representatives and each and all of the Class Members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever remised, released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Persons,

regardless of whether such Class Member executes and delivers the Proof of Claim and Release form, except for claims relating to the enforcement of the Settlement.

7. Upon the Effective Date hereof, and as provided in the Stipulation, the Class Representatives and each and all of the Class Members are forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any or all of the Released Persons.

8. Upon the Effective Date hereof, and as provided in the Stipulation, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Class Representatives, each and all of the Class Members and Plaintiffs' Counsel from Defendants' Released Claims, and shall forever be enjoined from prosecuting such claims, except for claims relating to the enforcement of the Settlement.

9. The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Preliminary Approval Order entered on June 25, 2018, was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein,

including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and the requirements of the Private Securities Litigation Reform Act of 1995, and all other applicable law and rules.

10. Separate orders shall be entered regarding the proposed Plan of Allocation and Class Counsel's motion for attorneys' fees and expenses as allowed by the Court. Any plan of allocation submitted by Class Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

11. Neither the Stipulation nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Litigation or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Persons are or become parties; or (c) is or may be deemed to be or

may be used as an admission or evidence that any claims asserted by Class Representatives were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons, Class Representatives, Class Members, and their respective counsel may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settling Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees and expenses and interest in the Litigation; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Stipulation.

13. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11(b) of the Federal Rules of Civil Procedure.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

15. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

16. The Court directs immediate entry of this Judgment by the Clerk of the Court.

**IT IS SO ORDERED.**

_____
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT