UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| ALAN WILLIS, Individually and on Behalf of All Others Similarly Situated, Plaintiff, vs. BIG LOTS, INC., et al., Defendants. | No. 2:12-cv-00604-MHW-KAJ<br>CLASS ACTION |

ORDER APPROVING DISTRIBUTION PLAN

MURRAY MURPHY MOUL + BASIL LLP
JOSEPH F. MURRAY, Trial Attorney (0063373)
BRIAN K. MURPHY (0070654)
1114 Dublin Road
Columbus, OH 43215
Telephone: 614/488-0400
614/488-0401 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN & DOWD LLP
DAVID W. MITCHELL
LUCAS F. OLTS
AUSTIN P. BRANE
BRIAN E. COCHRAN
KEVIN A. LAVELLE
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiff

Plaintiffs moved this Court for an order approving a distribution plan for the Net Settlement Fund in the above-captioned class action (the "Action"). Having reviewed and considered all the materials and arguments submitted in support of the motion, including the Memorandum of Law in Support of Plaintiffs' Motion for Approval of Distribution Plan and the Declaration of Mishka Ferguson in Support of Plaintiffs' Motion for Approval of Distribution Plan (the "Ferguson Declaration"),

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated May 16, 2018 (ECF No. 124) (the "Stipulation") and the Ferguson Declaration, and all terms used in this Order shall have the same meanings as defined in the Stipulation or in the Ferguson Declaration.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3. Plaintiffs' plan for distribution of the Net Settlement Fund to Authorized Claimants is **APPROVED**. Accordingly:

(a) The administrative recommendations of the Court-approved Claims Administrator, Gilardi & Co. LLC ("Gilardi"), to accept the eligible Claims stated in Exhibit D(1) to the Ferguson Declaration are adopted;

(b) The Claims Administrator's administrative recommendations to reject wholly ineligible Claims, as stated in Exhibit D(2) to the Ferguson Declaration, are adopted;

(c) Gilardi is directed to conduct an Initial Distribution of the Net Settlement Fund, after deducting all payments previously allowed, and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, any escrow fees, and appropriate reserves (the "Initial Distribution"). Specifically, as stated in paragraph 22 of the Ferguson Declaration: (1) Gilardi will calculate each Authorized Claimant's *pro rata* share of the Net Settlement Fund; (2) Gilardi will, in accordance with the terms of the Court-approved Plan of Allocation, calculate the total amount each Authorized Claimant would recover in accordance with

the calculations stated in subparagraph (c)(1) above and then it will eliminate from the distribution any Authorized Claimant whose total *pro rata* share of the Net Settlement Fund is less than $10.00, as these Claimants will not receive any payment from the Net Settlement Fund; (3) After eliminating Claimants who would have received less than $10.00, Gilardi will calculate the *pro rata* shares of the Net Settlement Fund for Authorized Claimants who would have received $10.00 or more (the "Distribution Amount"); and (4) 100% of the remaining balance of the Net Settlement Fund will be distributed *pro rata* to Authorized Claimants whose Distribution Amount calculates to $10.00 or more under subparagraph (c)(3) above;

(d) In order to encourage Authorized Claimants to promptly cash their checks, all Initial Distribution checks will bear the following notation: "CASH PROMPTLY. VOID AND SUBJECT TO REDISTRIBUTION IF NOT CASHED BY [DATE 90 DAYS AFTER ISSUE DATE]." Subsequent distributions will have a 30-day stale date. Class Counsel and Gilardi are authorized to take appropriate action to locate and contact any Authorized Claimant who has not cashed his, her, or its check within said time;

(e) Authorized Claimants who do not cash their Initial Distribution checks within the allotted 90-day period will irrevocably forfeit all recovery from the Settlement, and the funds allocated to all of these stale-dated checks will be available to be distributed to other Authorized Claimants in the second distribution. Similarly, Authorized Claimants who do not cash their second or subsequent distributions (should such distributions occur) within the allotted 30-day period will irrevocably forfeit any further recovery from the Net Settlement Fund;

(f) After Gilardi has made reasonable and diligent efforts to have Authorized Claimants cash their Initial Distribution checks, Gilardi will, after consulting with Class Counsel, conduct a second distribution (the "Second Distribution") within a reasonable period of time, in which any amount remaining in the Net Settlement Fund after the Initial Distribution (including the funds for all void stale-dated checks), after deducting Gilardi's fees and expenses incurred in administering the Settlement for which it has not yet been paid (including Gilardi's estimated costs of the Second Distribution), and after deducting the payment of any estimated taxes, the costs of preparing appropriate tax returns, any escrow fees, and appropriate reserves, will be distributed to all

Authorized Claimants in the Initial Distribution who cashed their Initial Distribution check and are entitled to receive at least $10.00 from the Second Distribution based on their *pro rata* share of the remaining funds. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur after a reasonable period of time until Class Counsel, in consultation with Gilardi, determine that further distribution is not cost-effective;

(g) When Class Counsel, in consultation with Gilardi, determine that further distribution of the funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance of the Net Settlement Fund, after payment of any unpaid fees or expenses incurred in administering the Net Settlement Fund and after the payment of any estimated taxes, the costs of preparing appropriate tax returns, any escrow fees, and appropriate reserves, will be contributed to The Ohio State Bar Foundation, a non-sectarian, not-for-profit 501(c)(3) organization;

(h) No new Claims may be accepted after November 21, 2019, and no further adjustments to Claims received on or before November 21, 2019, that would result in an increased Recognized Claim amount may be made for any reason after November 21, 2019;

(i) All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, are hereby released and discharged from any and all claims arising out of that involvement, and all Class Members and other Claimants, whether or not they receive payment from the Net Settlement Fund, are hereby barred from making any further claims against the Net Settlement Fund, Plaintiffs, Class Counsel, the Claims Administrator, the Escrow Agent, or any other agent retained by Plaintiffs or Class Counsel in connection with the administration or taxation of the Settlement Fund or the Net Settlement Fund, or any other person released under the Settlement beyond the amounts allocated to Authorized Claimants;

(j) Unless otherwise ordered by the Court, Gilardi may destroy the paper copies of the Claims and all supporting documentation one year after distribution of the Net Settlement Fund, and Gilardi may destroy electronic copies of the same three years after distribution of the Net Settlement Fund; and

(k) This Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and any other and further relief that this Court deems appropriate.

SO ORDERED the 6th day of Feb., 2020.

DATED: ____________________

/s/ Michael H. Watson
THE HONORABLE MICHAEL H. WATSON
UNITED STATES DISTRICT JUDGE